TOWN OF NORWAY, Plaintiff, *v.* AMERICAN SURETY COMPANY OF NEW YORK and Another, Defendants.

Supreme Court, Herkimer County, February 14, 1935.

*Wilbur, Winslow & Bennison,* for the applicant, Town of Norway.

*J. Theodore Cross,* for the American Surety Company of New York.

*Paul J. McNamara,* for William S. Agne.

DOWLING, J. Applicant alleges that in November, 1931, William S. Agne was elected supervisor of the town of Norway, Herkimer county, N. Y.; that he assumed office March 4, 1932; that under section 11 of the Public Officers Law, as amended, he was required to give an undertaking, conditioned that he would well and faithfully discharge the duties of his office and promptly account for and pay over all moneys or property received by him as such officer; that, in May, 1932, Mr. Agne applied to Mr. Charles L. Fellows, local representative of the American Surety Company of New York, for such undertaking in the amount of $2,500; that Mr. Fellows consulted the Albany office of the American Surety Company and an undertaking in the form required by section 11 of the Public Officers Law, as amended, was prepared and forwarded to Mr. Agne; that Mr. Agne delivered the undertaking to the town board of the town of Norway; that the town board, at a regular meeting, approved the undertaking and subscribed a resolution of approval printed upon the face of said undertaking, namely, " *Approval: Within undertaking approved as to form and sufficiency of surety and the amount of liability therein fixed as sufficient, pursuant to the provisions of Section 11 of the Public Officers Law as amended by Chapter 48 of the Laws of 1914.*" (Signed Jean O. Clark, Robert H. Burt and Clyde Smith, members of town board, town of Norway.)

That the town board delivered said undertaking to Alice Ives, town clerk of the town of Norway, who made the following indorsement thereon, which appears on the second page of said undertaking in the upper left-hand corner: " *May 25, 1932, Alice Ives, Town Clerk.*" That the town clerk placed the undertaking in the files of her office; that in August or September, 1932, Mr. Agne visited the

town clerk's office, stated to the town clerk it was necessary for him to have the undertaking; that the town clerk thereupon delivered same to him; that he returned it to the American Surety Company; that the company canceled said undertaking October 15, 1932, and destroyed the same, keeping, however, a photostatic copy in its files; that Mr. Agne's term of office expired March 4, 1933; that he was succeeded by Mr. Fritz Sirk, who since has been supervisor of said town; that during the incumbency of Mr. Agne he collected $4,185.25, which should have been turned over to his successor, Mr. Sirk; that, upon assuming office, Mr. Sirk demanded possession of said fund; that Mr. Agne declined and failed to deliver same to Mr. Sirk; that no action has been brought against Mr. Agne to recover said moneys or any part thereof.

Applicant institutes this proceeding for leave to sue the American Surety Company and Mr. Agne on said undertaking. Both oppose the application.

The American Surety Company contends that it " prepared and executed a form of proposed bond, a form of escrow agreements to be executed by the bank in which the supervisor's funds were deposited, and forwarded the same to Charles L. Fellows at Newport, asking that the surety company be furnished with a copy of the resolution in connection with said bond. At no time did the American Surety Company receive any premium for this bond. Subsequently, not having received the escrow agreement, the copy of the resolution and the application for the bond, the American Surety Company suggested that the proposed bond be returned for cancellation. The bond was returned to the office of the American Surety Company and was canceled." Said company further maintains that no application was ever executed for the said bond; that it was delivered on condition that the depositary bank should sign and return said escrow agreement, which said bank failed to do; that the undertaking was never approved by the town board.

Mr. Agne claims " that during the month of May, 1932, and before the issuing of any bond, this deponent had a talk with one Mr. Blakley, an official of the Newport Bank in reference to collateral being put up by the Newport Bank with this deponent, and Mr. Blakley said he would take care of the same. That thereafter a bond for the sum of Twenty Five Hundred ($2500) Dollars, written by the American Surety Company, was given to this deponent by Mr. Fellows, and on the same day this deponent, on his way home, left the bond with one Alice Ives. That thereafter, this deponent was informed and notified by one Charles L. Fellows, agent for the American Surety Company, that the Newport

Bank had not kept its agreement in regard to the collateral and that the surety company wanted the bond returned at once. That thereupon, deponent called upon Mrs. Ives, the Town Clerk of the Town of Norway, Herkimer County, New York, at her store, and informed her that the American Surety Company had called for the return of the bond, because the Newport Bank had not kept its agreement in re the collateral, and thereupon Mrs. Ives obtained the bond from where she was keeping it and delivered it to this deponent, and this deponent returned the bond to Mr. Fellows, the agent for the American Surety Company. That at no time was there ever any premium paid for this bond by deponent. To the best of deponent's knowledge, at no time was the aforementioned bond ever approved by the Town Board of the Town of Norway, Herkimer County, New York, at any Town Board Meeting."

Section 11 of article 2 of the Public Officers Law provides: " The undertaking of a municipal officer shall, if not otherwise provided by law, be approved as to its form and the sufficiency of the sureties by the chief executive officer or by the governing body of the municipality and be filed with the clerk thereof. The approval by such governing body may be a resolution, a certified copy of which shall be attached to the undertaking."

Applicant claims it has complied with the provisions of said section. Jean O. Clark makes affidavit that in or about the month of May, 1932, Mr. Agne presented to a town board meeting of the town of Norway an undertaking in the amount of $2,500, executed by the American Surety Company of New York; that he, Robert H. Burt and Clyde Smith were members of the town board of said town and participated in said meeting; that they examined said undertaking, " duly approved it by signing their names thereto and said Bond was filed with the Town Clerk." Apparently, instead of passing a formal resolution of approval and spreading the same upon the minutes of the town board, the board approved the undertaking by indorsing the above-quoted resolution of approval appearing on the face of said undertaking. The effect of this action was to place upon the undertaking the original resolution of approval of the town board instead of a certified copy thereof. As to whether this was a sufficient compliance with the statute need not be determined now.

Applicant does not maintain the premium upon said undertaking has ever been paid. The undertaking contains no provision relative to the premium or the amount thereof. No bill for premium, so far as appears, has ever been presented to the town board or to the supervisor of said town.

There is no suggestion in the answering affidavits that the town board had any knowledge that the undertaking was delivered to it with any conditions attached, nor does it appear that the town board authorized the town clerk to surrender said undertaking. To the town board the undertaking appeared to be in compliance with section 11 of the Public Officers Law, as amended.

Section 22 of article 2-A of the Public Officers Law provides: " Proof to accompany application. The application must be accompanied with

" 1. A certified copy of the official bond or undertaking;

" 2. Proof by affidavit of the default or misconduct complained of, and that satisfaction of the same has not been received.

" 3. If the default consists of the non-payment of money, and the applicant has not recovered judgment against the officer, or special provision is not otherwise made by law, proof of a demand for the money from the officer, or that a demand cannot be made with due diligence."

The applicant, in making this application, has complied with the requirements of the above section except it has not attached to its petition a certified copy of said undertaking. Under the circumstances, applicant could not attach a certified copy of said undertaking for the reason the original was not in the possession of the town clerk at the time this proceeding was instituted. The town clerk, however, makes affidavit that the photostatic copy attached to the petition is, in all material respects, a true copy of the undertaking which applicant filed with her and which she delivered to Mr. Agne. This is a sufficient compliance with subdivision 1 of section 22. Respondents do not deny Mr. Agne has $4,185.25 belonging to applicant, which he refuses to deliver to Supervisor Sirk.

Section 23 of article 2-A of the Public Officers Law provides: " Order granting leave; action thereupon. Upon such an application, the court must grant an order, permitting the applicant to maintain an action upon the bond or undertaking. The action must be brought, in the court which granted the order, by the applicant as plaintiff; and it may be maintained, as if the applicant was the obligee named in the bond or undertaking, except as otherwise expressly prescribed in this article."

Applicant is granted leave to institute an action upon said undertaking in the Supreme Court against William S. Agne and American Surety Company of New York.

Enter order accordingly.